(16 App. Div. 445.)

### SIMERMEYER et al. v. MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. April 23, 1897.)

MUNICIPAL CORPORATIONS—RELETTING CONTRACT AFTER ABANDONMENT.

Consolidation Act (Laws 1882, c. 410) § 64, providing that when a contract has been abandoned by the contractor, and an expenditure of more than $1,000 is necessary to complete it, it shall be relet after advertisement, does not apply where there was no abandonment by the contractor, but the city authorities undertook to complete the work, and employed a person for that purpose at less than the balance of the contract price, though it exceeded $1,000.

Van Brunt, P. J., dissenting.

Appeal from trial term, New York county.

Action by Nicholas Simermeyer and another against the mayor, aldermen, and commonalty of the city of New York. There was a judgment in favor of defendant, and plaintiffs appeal. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, PATTERSON, and PARKER, JJ.

Robert J. Robeson for appellants.
Chase Mellen, for respondent.

PATTERSON, J. It appears by the evidence in this case that a contract was made between the defendant and one Duffy for the construction of a fire-engine house in the city of New York, for which the defendant agreed to pay the sum of $23,229. The contract was awarded to Duffy after competition, and as the lowest bidder, and, among other things, contained a provision and agreement that if the work should be abandoned, or if at any time the commissioners of the fire department should be of opinion that the work was unnecessarily delayed, or that the contractor willfully violated any of the conditions or covenants of the contract, or made default in certain other ways, then the commissioner might elect to notify Duffy to discontinue the work, and they should have power to place on such work, by contract or otherwise, such and so many persons as they might deem advisable to carry out or complete it, or such part of it as might remain incomplete, and to use such materials as they might find on the work, or to procure or cause to be procured, by contract or otherwise, all other materials for the completion of the same; to charge the expense of the labor and materials to Duffy, and the expense so charged should be deducted and paid by the city out of such moneys as might then be due, or might at any time thereafter become due, to the contractor; and, in case the expense was less than the sum which would have been payable under the contract if the same had been completed by Duffy, he should forfeit the difference, and, in case the expense should exceed that sum, he should pay the amount of such excess to the city. It seems that Duffy's work under the contract was discontinued for some unexplained reason, and that on the 26th of February, 1895, these plaintiffs, on the employment of the commissioners of the fire department, agreed to complete the work.

The only evidence in the case as to how, or under what circumstances, or why, Duffy was removed from the work, is in the testimony of the witness Parry, who states that he learned that the contract had been taken away from Duffy, and that the fire department was going to finish the house, and that thereupon he called at the headquarters of the fire department, saw the commissioners, and signed a memorandum by which the plaintiffs agreed to do the work and furnish materials required to complete the work specified in the contract executed on May 10, 1894, by Thomas A. Duffy with the fire department, for erecting and finishing and completing a building for the engine company, such work to be done for the sum of $1,078.16. The plaintiffs proceeded to complete the work, and the engine house was finished and apparently accepted by the city, and the work was so finished upon a saving to the city of some $500 on the Duffy contract. The defense which prevailed in the court below was that the contract with the plaintiffs, being for $78.16 in excess of $1,000, was unauthorized, and that the fire commissioners acted beyond the scope of their authority in making a contract involving the outlay of more than $1,000, without public advertisement and letting, and that, therefore, the city is not liable. This contention proceeds upon the provisions of section 64 of the consolidation act, which enacts, in substance, that when work is necessary to complete or perfect any particular job, or to supply materials needful for such completion, and the several parts of the work or supplies shall altogether involve the expenditure of more than $1,000, the same shall be by contract, and, "in case any work shall be abandoned by the contractor, it shall be readvertised and relet by the head of the appropriate department in the manner in this section provided."

There can be no doubt in this case that the work done and materials supplied by these plaintiffs was pursuant to the memorandum of February 26, 1895, which constitutes a contract. The only question is whether the provision last quoted of section 64 of the consolidation act applies to this particular case. There is nothing whatever in the evidence to show that the contract was abandoned by the contractor. All that the evidence seems to indicate is that the commissioners of the fire department, for some reason which is not disclosed, undertook to complete itself the work for the contractor, and as his agent, under that stipulation of the contract which authorized the department so to do if the work unnecessarily should be delayed, or the contractor willfully violated any of the conditions and covenants of the contract, or was executing it in bad faith, so that the work could not be done according to its terms, and to apply the contract compensation to the payment of the expense incurred in completing the work. In this case, these plaintiffs were merely employed to complete the work specified in Duffy's contract, at a cost less than the amount stipulated to be paid to Duffy. So far as appears, it was not upon an abandonment of the contract by Duffy, but was under a contract made on his account, the expense of which was to be borne by him; and what was done by the fire commissioners was merely

to complete, within the limit of cost of Duffy's contract, that work which they deemed it expedient to finish under Duffy's contract.

The construction of the consolidation act contended for by the respondent in this particular case would work a forfeiture against these plaintiffs, and that construction should be avoided. Whatever may be the correct general interpretation of the section of the consolidation act referred to, we do not think it applies to such a case as this, where the claim asserted by these plaintiffs arises under a clause of Duffy's contract, and where the work done is really and substantially the same work advertised for and let to Duffy, and which the city was authorized by its contract to finish on Duffy's account in case the fire department required and considered it necessary to complete that contract itself altogether, as the agent of Duffy.

The judgment should be reversed, and a new trial ordered, with costs to abide the event.

RUMSEY, WILLIAMS, and PARKER, JJ., concur. VAN BRUNT, P. J., dissents.